WATSON v. WATSON, appellant.

*Judgment for divorce — opening after death of prevailing party.*

W. obtained a judgment for divorce against defendant, and afterward died. *Held,* that the judgment could not be opened upon the ground of fraud and irregularity upon a motion, notice of which was served only upon the administrator of W.; and that the only remedy was by an action in the nature of a bill of review.

APPEAL from an order of the special term, denying a motion by defendant to open a judgment.

The defendant took an order, that Frederick A. Watson, the administrator of the plaintiff, show cause why the judgment of divorce in an action by James A. Watson against Elizabeth Watson, obtained against defendant in plaintiff's life-time, should not be set aside for fraud and irregularity. On the return day the motion

was denied on the ground that the plaintiff being dead, there can be no motion made in the action against his representative, the administrator. From the order denying the motion is this appeal.

*H. F. Averill* and *Ira Shaffer*, for appellant. The administrator represents the plaintiff personally, according to a fiction of the law. 6 Madd. 159; 5 Ves. Ch. 402; *McCray* v. *McCray*, 12 Abb. 1; *Spaulding* v. *Hallenbeck*, 39 Barb. 79; S. C., 35 N. Y. 204. Also cites 2 Black. Comm. 494; 1 Wms. Ex. 330, 347; *Weeks* v. *Gibbs*, 9 Mass. 74, 352; *Hillman* v. *Stephens*, 16 N. Y. 278; *Patchen* v. *Wilson*, 4 Hill, 57; *Biglow* v. *Paton*, 4 Mich. 170; 26 Mo. 76; 3 Rev. Stat. 96. Section 121 of Code does not apply. *Keene* v. *La Farge*, 16 How. 377; and no action was pending, and it could not be continued. Also cites *Lynde* v. *O'Donnell*, 21 How. Pr. 34; *Jauncey* v. *Thorne*, 2 Barb. Ch. Pr. 42; *Livingston* v. *Rendall*, 59 Barb. 493.

*James M. Smith*, for respondent.

DAVIS, P. J. This is an appeal from an order of the court, at special term, denying the motion of defendant to set aside a judgment of divorce, entered September 3, 1863. The plaintiff, who obtained the divorce, died in the fall of 1872 intestate, and the motion is now made upon service of papers upon his administrator. The grounds are fraud and irregularity. If the facts stated in the moving papers be true, there certainly ought to be some relief for the defendant; but the question before us is whether that relief can be obtained on motion and on notice simply to the administrator of the estate. We think it cannot. No authority is cited for such practice. The administrator has no power to consent to the setting aside of the judgment. He has no control or authority over it. There is no pecuniary recovery to be enforced by him. The decree simply dissolves the marriage relation and disposes of the custody of the children, both of which are questions in which the administrator, as such, has no legal interest whatsoever. It is said that he is interested in the question whether the defendant is entitled, as widow, to a distributory share of the estate or is cut off therefrom by the judgment of divorce; but in that question, as administrator, he has no legal interest. The distribution, after payment of debts, etc., is made by decree of the surrogate, and the

representative cannot properly be said to have any legal interest, whether the decree shall award the whole to the children of the intestate or distribute a portion to defendant. We cannot avoid the conclusion that the motion was properly denied. An action in the nature of a bill of review, bringing before the court all the heirs at law and other persons interested in the real estate left by the decedent and such persons as may have taken conveyances thereof subsequent to the decree, as well as his representatives, seems to us the only mode in which the relief sought can properly be obtained.

The order must be affirmed.

DANIELS and WESTBROOK, JJ., concurred.

*Order affirmed.*